IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,                    Criminal Nos. 17-0129
                                                          18-0036
                  Plaintiff,

         v.                                  ELECTRONICALLY FILED

DANIEL TEED,

                  Defendant.


### MEMORANDUM ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. 3582(c)(1)(A)


Before the Court is Defendant Daniel Teed's *pro se* Motion for Compassionate Release filed pursuant to 18 U.S.C. 3582(c)(1)(A). ECF 88.[1]  In his Motion, Defendant requests that his sentence be reduced to time served and that he be released.  *Id.* at p. 14.  The Government filed a Response in Opposition to same.  ECF 94.  Defendant filed a Reply.  ECF 96.  The matter is now ripe for adjudication, and for the reasons that follow, the Court will deny Defendant's motion.

### I.  BACKGROUND

On October 17, 2017, Defendant was sentenced to 120 months' imprisonment for conspiracy to commit sex trafficking of children in violation of 18 U.S.C. 1594(c).  At the time of his sentencing, the Court granted Defendant's request to self-report to the federal correctional institution to which he would be assigned.  The Bureau of Prisons ("BOP") notified Defendant he had to report to prison by January 2, 2018.  Instead of reporting to prison, Defendant fled and became the subject of a six-week manhunt leading to his arrest in Arizona.  He was charged at

---

[1] The Court is using the docket entry numbers (*i.e.,* "ECF__") which correspond with case number 17-0129.  The Court acknowledges that Defendant filed the same Motion and Reply (and the Government filed the same Response) in Defendant's other case filed at docket number 18-0036. This Order will be entered in both case numbers.

docket number 18-0036 for the crimes of failing to register as a sex offender, and for failing to

surrender for service of his sentence in case number 17-0129.  Defendant was sentenced to serve

an additional 18-month term of imprisonment consecutive to the 120-month term of

imprisonment at docket number 17-0129.[2]

Defendant is currently serving 138 months for the crimes to which he pled guilty in case

numbers 17-0129 and 18-0036. His release date is November 29, 2027. See,

https://www.bop.gov/inmateloc/,last visited 03/30/2023.  Thus, Defendant has approximately 57

months left to serve.

Notably, on May 1, 2020, Defendant filed a Motion for Compassionate Release.  ECF 62.

After numerous extensions of time, on August 14, 2020, Defendant filed a counseled Motion for

Compassionate Release.  ECF 77.  The Court denied his Motion on October 5, 2020.  ECF 82.

The gravamen of Defendant's 2020 Motion for Compassionate Release was that Defendant's

obesity qualified as a serious physical or medical condition that placed Defendant at increased

risk of severe illness from COVID-19.  Id.

Although this Court agreed at that time Defendant's obesity qualified as a serious

physical or medical condition that placed Defendant at increased risk of severe illness from

COVID-19, this Court denied his Motion. Id. This Court denied Defendant's Motion because:

> . . . given the nature circumstances, and seriousness of the offenses for which
> Defendant currently is incarcerated, and the need for just punishment and
> deterrence related to these offenses, compassionate release of Defendant to
> supervised release with home confinement would not be consistent with the
> applicable factors set forth in Section 3553(a) and the dangerousness
> consideration set forth in Section 3142(g). *See U.S. v. Gotti*, Crim. No. 743-07,
> 2020 WL 497987, at *6 (S.D.N.Y. Jan. 15, 2020) (stating, "[a] court is not

---

[2] The facts supporting Defendant's original conviction at docket no. 17-0129 were that Defendant
contacted co-actor Ralph Ruprecht ("Ruprecht") via Craigslist and paid Ruprecht money in order to
participate in "gang bangs" with underage and adult women. On multiple occasions, Ruprecht brought a
16-year-old victim to have sex with as many as 8-9 adult men, including Defendant. Defendant had sex
with the underage victim approximately 3 times, knowing that she was only 16 years old.

required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition*"); U.S. v. Wong Chi Fai*, Crim. No. 93-1340, 2019 WL 3428504, at *3 (E.D.N.Y. July 30, 2019) (explaining, "[t]he Sentencing Guidelines 'provide that compassionate release is appropriate only where the defendant is not a danger to the safety of any other person or to the community'") (citation omitted).

Id., p. 7-8.

Since the Court's October 5, 2020 Order was entered, Defendant's BMI is now 29.2 (ECF 95-1, p. 27), which is not considered obese by the CDC. *See*, Defining Adult Overweight & Obesity | Overweight & Obesity | CDC, last visited March 31, 2023 ("If your BMI is 25.0 to <30, it falls within the overweight range.").  In addition, since the Court's October 5, 2020 Order issued, Defendant received his two-shot vaccination protocol on August 10, 2021 and September 9, 2021, and therefore he is now fully vaccinated against COVID-19.  ECF 95.

## II.  STANDARD OF REVIEW

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. U.S.*, 257 Fed. App'x 477, 479  (3d Cir. 2007*); see also Dillon v. U.S.*, 560 U.S. 817, 819 (2010).  One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582.  As amended, that provision allows a court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Additionally, the Court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As further explained by the United States Court of Appeals for the Third Circuit in

*United States v. Badini*, 839 F. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed. App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for sentence reduction under Section 3582, the United States Sentencing Commission has defined the contours of the test, in relevant part, as follows:

> 1. Extraordinary and Compelling Reasons.-- Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) Medical Condition of the Defendant.
>       *       *       *
>    (ii) The defendant is
>        (I) suffering from a serious physical or medical condition,
>        (II) suffering from a serious functional or cognitive impairment, or
>        (III) experiencing deteriorating physical or mental health because of the aging process,
>
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1.  Notably, given the lack of an updated applicable Policy Statement defining "extraordinary and compelling," the Court of Appeals for the Third Circuit has held that: "the existing policy statement is not applicable—and not binding—for courts considering prisoner-initiated motions" for compassionate release, but that "[t]he policy statement's

descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'." *U.S. v. Andrews*, 12 F.4th 255, 259, 260 (3d Cir. 2021) (quoting *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (citations and footnote omitted).  Additionally, Congress has made clear that "rehabilitation . . . alone shall not be considered an extraordinary and compelling reason" for a reduction in a defendant's sentence.  28 U.S.C. § 994(t).

The defendant bears the burden of proof, by a preponderance of the evidence, with respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A). *U.S. v. Grasha*, 489 F.Supp.3d 403, 406 (W.D. Pa. 2020) (citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a defendant may file a Section 3582(c)(1)(A) motion with the Court.  As explained by the Court of Appeals for the Third Circuit in *United States. v. Harris*, 973 F.3d 170 (3d Cir. 2020), Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release pursuant to Section 3582(c)(1)(A)] thirty days after the warden receives his request."  *Harris,* 973 F.3d at 171.

### III.  DISCUSSION

#### A. Exhaustion

Defendant attached his three-page letter to the Allenwood Correctional Institution's Warden requesting a compassionate release from Allenwood, primarily arguing that his "serious medical conditions and age substantially diminished his ability to self-care" within the prison. ECF 88-2.  In denying Defendant's request, the Warden noted he did not meet the criteria of an "elderly inmate with a medical condition" because an "elderly inmate" is an inmate 65 years old or older and Defendant is only 61 years old.  ECF 88-3.  The Warden further noted that Defendant did not suffer from an incurable, progressive illness nor had Defendant suffered a

debilitating injury from which he would not recover.  Id.  Additionally, the Warden determined that Defendant was neither "completely disabled" (meaning unable to carry on any self-care and totally confined to a bed or chair), nor capable of only "limited self-care" (meaning confined to a bed or chair for more than 50% of his waking hours).  Id.  The Warden found that Defendant was able to walk to Health Services within the prison, and address his own normal living needs.  Id.

Based on the foregoing, this Court finds that Defendant exhausted his administrative remedies, and that the Warden of Allenwood provided a very thorough response upon denying Defendant's requests.

### B. Extraordinary and Compelling Reasons

Next, this Court considers whether "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant contends he is entitled to compassionate release due to the "material changes in [Defendant's] heath[.]" ECF 88, p. 1.  More specifically, Defendant notes that he is now 62 years old, and in January of 2023 he suffered a heart attack.  Id., p. 2  Physicians placed a stent into his left anterior descending artery after he suffered the heart attack.  Id.  Defendant was also placed on anti-platelet medication, a high intensity statin, another medication to treat hypertension, and aspirin.  Id.  Relying on a medical text book, Defendant notes that given his family history of heart conditions, his current heart condition, and his obesity, he is at increased risk for mortality due to cardiovascular disease.  Id., p. 3.  Additionally, Defendant claims his imprisonment at Allenwood, a low security correctional institution in White Deer, Pennsylvania, "makes self-care virtually impossible." Id., p. 4. Defendant's main complaint is his inability to regulate his diet, and he claims that he is not receiving the proper nutrition given his

cardiovascular condition.  Id.  Defendant also claims that his term of imprisonment has been
made more arduous for the past three years due to the COVID-19 global pandemic.  Id., p. 6.

None of the medical conditions set forth by Defendant, singly, nor when taken together,
provide an extraordinary or compelling reason(s) to grant Defendant's Motion for
Compassionate Release.  First, Defendant's heart attack was successfully treated, and he has
recovered well.  See ECF 95-1, pp. 3-4, 8, 12, 83. Moreover, the medical records in this case do
not support a finding that Defendant is <u>not</u> able to care for himself while in prison at Allenwood
because of his medical conditions – *i.e.,* his heart condition and/or other medical conditions.  In
fact, the Warden at that facility specifically found that Defendant was capable of his own self-
care.  ECF 88-3.

As for dietary needs, Defendant offers no specifics whatsoever demonstrating how his
dietary needs are not being met at Allenwood given his medical conditions. The Government
notes that BOP Program Statement 4700.06, Chapter 5 (Sept. 13,2011) provides "medical diets
at all institutions as ordered by Health Services.  ECF 94, p. 6; *see also*,
https://www.bop.gov/policy/progstat/4700.06_cn.pdf, last visited April 4, 2023.   Moreover, the
Allenwood Warden specifically mentioned in his letter that Defendant was able to walk of his
own volition to "Health Services" and therefore, this Court concludes that Defendant is able to
discuss his dietary needs and with Health Services and can work to ensure that his dietary needs
are being met while incarcerated.  Thus, Defendant failed to prove that either his diet and/or
dietary needs at Allenwood create an extraordinary or compelling reason to grant his Motion for
Compassionate Release.

Finally, Defendant's concerns related to his medical conditions placing him at an
increased risk for contracting COVID-19 while incarcerated also do not create an extraordinary

or compelling reason to grant Defendant's Motion for Compassionate Release. As noted in the "Background" section above, this Court previously considered Defendant's increased risk of contracting COVID-19 due to Defendant's condition of obesity. Defendant, to his credit, no longer qualifies as "obese" under the CDC Guidelines, and thus, obesity can no longer be considered one of Defendant's risks factors relating to COVID-19. To the extent that Defendant claims that any of his current medical conditions increase his risk of contracting or suffering from COVID-19, Defendant has been fully immunized as noted in "Background," above. Thus, the Court finds that no compelling or extraordinary reason exists requiring the Court to grant Defendant's Motion for Compassionate Release.

Because Defendant has failed to meet his burden of proving that any extraordinary or compelling reason exists warranting his early release from Allenwood, the Court will deny his Motion.

### C. Section 3553 Factors

In light of the Court's opinion with respect to the lack of any extraordinary and compelling reason warranting Defendant's early release from prison, this Court does not need address the Section 3553 sentencing factors. However, the Court would be remiss not to note that Defendant's offense at 17-0129 was a sex offense involving a minor, and his offenses at 18-0036 were offenses he committed in an effort to avoid accepting his punishment for his sex crime. Defendant may be commended for the numerous education classes he has taken while incarcerated, but his doing so does not negate nor even come close to counterbalancing the Court's need to promote respect for the law, deter others from engaging in these crimes, protect the public, and punish this Defendant in such a way to avoid sentencing disparities. In sum, this

Court determines that application of the Section 3553 factors would also warrant a denial of Defendant's Motion for Compassionate Release.

### IV.    CONCLUSION

For all of the above stated reasons, Defendant's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(i) is DENIED.

SO ORDERED this 5th day of April, 2023.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All ECF Registered Counsel of Record

Daniel Teed
#38472-068
PO Box 1000
LSCI ALLENWOOD
White Deer, PA 17887-1000